UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELORES HENDERSON SPEARS, on behalf of ) <br>   MICHAEL W. DANIELS, ) <br> ) <br>     Petitioner, ) <br> ) <br>     v. ) <br> ) <br> KEITH BUTTS, Superintendent, ) <br> ) <br>     Respondent. ) | Case No. 1:11-cv-01405-TWP-MJD |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the petition of Delores Henderson Spears ("Ms. Spears") for a writ of habeas corpus on behalf of Michael W. Daniels ("Mr. Daniels") must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**A.  PETITION FOR WRIT OF HABEAS CORPUS**

Ms. Spears is the mother of Mr. Daniels and brings this action pursuant to 28 U.S.C. § 2254(a) to secure Mr. Daniels' release from state custody.

Mr. Daniels was convicted in an Indiana state court of four counts of robbery, one count of attempted robbery, and one count of felony murder and was sentenced to death. That sentence was commuted to life imprisonment by then-Governor Joseph E. Kernan on January 7, 2005. A habeas corpus challenge to Mr. Daniels' convictions was brought and decided on the merits in *Daniels v. McBride,* No. IP 01-550-C-Y/K (S.D.Ind. 2005). That decision was affirmed on appeal in *Daniels v. Knight,* 476 F.3d 426 (7th Cir. 2007). In that prior habeas action, Mr. Daniels presented the claims that: (a) he was denied the effective assistance of trial counsel; (b)

the State withheld or destroyed evidence; and (c) he was denied the effective assistance of appellate counsel.

The first issue the Court must address is whether Ms. Spears has standing to bring this action on behalf of her son. Under 28 U.S.C. § 2242, an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." In *Whitmore v. Arkansas,* 495 U.S. 149, 165 (1990), the Supreme Court held that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity." In addition, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163.

"[N]ext friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* As noted above, Delores Spears is Michael Daniels' mother. It could readily be found here that Ms. Spears is "truly dedicated to the best interests of" Mr. Daniels and that she has a significant relationship with Mr. Daniels. It is far less apparent, however, whether Mr. Daniels, as the real party in interest, "is unable to litigate his own cause due to mental incapacity." In fact, there is no indication whatsoever that Mr. Daniels lacks this capacity. If this was the straightforward question requiring an answer, Ms. Spears would be denied next friend standing to proceed on behalf of Mr. Daniels.

The next friend question, however, must take a back seat to a question of jurisdictional significance. *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994) ("[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."). This question arises because, as noted above, Mr. Daniels already filed an action for

habeas corpus relief and a decision on the merits was reached in that case. The present case, even though not brought by Mr. Daniels himself, would thus be a second bite at the habeas corpus apple.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review permission from the Court of Appeals under 28 U.S.C. § 2244(b) is required. This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute is an allocation of subject-matter jurisdiction to the court of appeals. *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999); *see also United States v. Lloyd,* 398 F.3d 978, 979 (7th Cir. 2005).

> Anyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction....

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996).

The effect of § 2244(b) here is that Mr. Daniels is not entitled to further habeas corpus review whether that is an effort made by Mr. Daniels himself or on his behalf. Ms. Spears has not shown that the Court of Appeals has given its authorization for her effort. The result is that her action must be dismissed for lack of jurisdiction.

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Ms. Spears' petition for a writ of habeas corpus on behalf of Mr. Daniels must be **DENIED**. Judgment consistent with this Entry shall now issue.

**B.     CERTIFICATE OF APPEALABILITY**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ms. Spears has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date:   03/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Delores Henderson Spears
2040 Ashbury Lane #2
Schererville, Indiana  46375